

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| FIRST PRIORITY, INC., § <br>     Plaintiff, § <br> § <br> vs. § <br> §    Civil Action No. 3:21-02801-MGL <br> MCC SOLUTIONS, LLC, and CONNECTINC § <br> GLOBAL MANAGMEENT, LLC, § <br>     Defendants. § | |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT JUDGMENT**

## I. INTRODUCTION

Pending before the Court is Plaintiff First Priority Inc.'s request for entry of default judgment against Defendants MCC Solutions, LLC ("MCC Solutions") and Connectinc Global Management, LLC ("Connectinc Global"). For the reasons stated below, First Priority's request is granted.

## II. FACTUAL AND PROCEDURAL HISTORY

First Priority "provides ambulance and medical transport services." ECF No. 1, Compl., ¶ 10. In 2021 Connectinc Global contracted with the United States Department of Veterans Affairs ("VA") to provide medical transport services, but "did not have the capacity to perform under the VA contract" and therefore subcontracted with First Priority. *Id.* ¶¶ 14–16. Later, MCC Solutions obtained a controlling interest in Connectinc Global and assumed its obligations under the contract with the VA. *Id.* ¶¶ 17–18 However, MCC Solutions "likewise did not . . . have the capacity to

1

perform under the VA contract." *Id.* And MCC Solutions "entered into a new sub-contract agreement with Plaintiff." *Id.* ¶ 19. This agreement "recited that MCC was the exclusive manager for" Connectinc Global and that MCC Solutions was "responsible for all sub-contractor selection, management, payment and administration of contracts." ECF No. 1, ¶ 20; ECF No. 1-1. MCC Solutions served "as the agent" for Connectinc Global "as it related to the payment for services provided by the Plaintiff." ECF No. 1, ¶ 21.

The contract between MCC Solutions and First Priority "provided for, among other things, pricing for transport services provided by First Priority and for payment to" First Priority "within one day of receipt" by MCC Solutions or Connectinc Global. ECF No. 1, ¶ 22, No. ECF 1-1. Plaintiff "dutifully provided transport services to disabled veterans under its Sub-contract with" MCC Solutions. ECF No. 1, ¶ 23.

Connectinc Global "received payment from the VA for the services provided by the Plaintiff," *id.* at ¶ 23, and these payments were "controlled by" MCC Solutions. *Id.* at ¶ 24. Still, Defendants MCC Solutions and Connectinc Global "refused and failed to remit payment to" First Priority for the services it provided under the sub-contract. *Id.* at ¶ 25.

On August 30, 2021, First Priority filed its Complaint asserting that it was "entitled to collect all amounts due and to judgment against the Defendants, jointly and severally, for the total amount due under the sub-contract, plus prejudgment interest at the appropriate rate." *Id.* at 28.

Initially, MCC Solutions and Connectinc Global participated in this suit. They filed their Answer and Counterclaims on September 22, 2021. ECF No. 9. Still, on February 9, 2022, sparked by the withdrawal of their first counsel, this action was "stayed until February 23, 2022, to allow Defendants to retain new counsel." ECF No. 32. On February 23, 2022, new counsel appeared on behalf of MCC Solutions and Connectinc Global. ECF No. 33. On December 2, 2022, after granting this second counsel's motion to withdraw, the Court ordered that new counsel for

Connectinc Global and MCC Solutions enter notices of appearances no later than December 22, 2022. ECF No. 57.

On January 6, 2023, when "no party ha[d] filed a notice of appearance or otherwise replied" to this order, the Court directed that:

> No later than January 18, 2023, Defendants shall show cause cause why the Court should not: . . . (2) dismiss Defendants' counterclaims with prejudice; (3) vacate Defendants' answers and enter default against them . . .

ECF No. 61.

On January 31, 2023, having again received no responsive filings to this order from MCC Solutions or Connectinc Global, the Court ordered that "[n]o later than March 2, 2023, Defendants MCC Solutions, LLC, and Connectinc Global Management, LLC, shall obtain counsel in this matter and such counsel shall file a notice of appearance." ECF No. 69.

On March 8, 2023, observing that MCC Solutions and Connectinc Global "have failed to secure counsel despite repeated admonitions by the Court" the Court dismissed their "counterclaims . . . with prejudice for failure to prosecute." And because they had "failed to defend against" First Priority's Complaint and "fail[ed] to comply with the Court's orders," the Court struck their Answer and "direct[ed] the clerk to file an entry of default" against MCC Solutions and Connectinc Management. ECF No. 75. That same day, this default was entered by the Clerk of Court. ECF No. 76.

On October 25, 2023, First Priority moved for an entry of default judgment against MCC Solutions and Connectinc Global, ECF No. 152, incorporating by reference the prior Declaration of Christopher Holden, Chief Executive Officer for First Priority. ECF No. 146.[1]

---

[1] The alternative relief sought by First Priority in its Request asking for the Clerk of Court to enter default under Rule 55(b)(1) of the Federal Rules of Civil Procedure is denied as moot.

3

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the process for obtaining a default judgment, creating a two-step process. "The first step is the entry of default, which must be made by the clerk '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise.'" *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 130 (4th Cir. 2020) (quoting Fed. R. Civ. P. Rule 55(a)). Upon entry of default, a defendant "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citation omitted). But "a default is not treated as an absolute confession by defendant of his liability and of the plaintiff's right to recover." *Id.*

"The second step is the subsequent entry of default judgement," which may be done in one of two ways. *Fidrych*, 952 F.3d at 130. "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," then the clerk may enter judgment on the defendant's default. Fed. R. Civ. P. 55(b)(1). If the plaintiff's claim is not for a sum certain, however, then it must be done by the Court. *See* Fed. R. Civ. P. 55(b)(2) ("In all other cases, the party must apply to the court for a default judgment. . . .").

Because "a default is not treated as an absolute confession by defendant of his liability and of the plaintiff's right to recover," the Court must, upon request for judgment on the entry of default, "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in this action." *Ryan*, 253 F.3d at 780 (citations omitted). In other words, if this Court concludes the well-pleaded allegations of First Priority's Complaint support the relief it seeks

against MCC Solutions and Connectinc Global, then, by reason of default, liability has been established.

A judgment of default, however, is not final without a determination of relief. *See Fidrych*, 952 F.3d at 130 (holding that a default judgment for the plaintiff that determines liability but does not fix the amount of damages is not a final judgment because there can be no final judgment without a determination of relief). Therefore, if the Court determines liability has been established, the Court must then determine damages in accordance with Rule 55(b).

## IV.     DISCUSSION AND ANALYSIS

As noted above, this Court has struck MCC Solutions and Connectinc Global's Answer here because, despite ample opportunity to do so, they have failed to secure counsel and defend against First Priority's claims here. Thus, by virtue of default, MCC Solutions and Connectinc Global have admitted the allegations as set forth in First Priority's Complaint are true, and MCC Solutions and Connectinc Global are prohibited from contesting those facts as on appeal. *See Ryan*, 253 F.3d at 780 (holding that a "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established"). The Court will now address the claims made against MCC Solutions and Connectinc Global in the Complaint.

### A.  Choice of Law

First Priority's Complaint alleges that both MCC Solutions and Connectinc Global breached their contractual obligation to pay First Priority for the medical transport services it rendered as a subcontractor under a contract with the United States Veterans Administration.

Initially, the Court addresses under which forum's law First Priority has brought its breach of contract claims against the Defendants MCC Solutions and Connectinc Global. "A federal court

exercising diversity jurisdiction is obliged to apply the substantive law of the state in which it sits, including the state's choice-of-law rules." *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 599-600. (4th Cir. 2004) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938) and *Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 496 (1941)).

Generally, under South Carolina law, contracts are governed by the law of the place that the contract is executed or performed, unless the parties specify the law under which the contract shall be governed. *Livingston v. Atl. Coast Line R. Co.*, 180 S.E. 343, 345 (S.C. 1935); *Lister v. NationsBank of Delaware, N.A.*, 494 S.E.2d 449, 455 (S.C. Ct. App. 1997); *see also Nucor Corp. v. Bell*, 482 F. Supp. 2d 714, 728 (D.S.C. 2007).

Here, the Complaint states that Connectinc Global is a Georgia company and that MCC Solutions is a New York company. ECF No. 1, ¶¶ 2–3. The contract between MCC Solutions and First Priority, *see* ECF No. 1-1, does not contain a choice of law provision. The contract between Connectinc Solutions and First Priority is not appended to the Complaint. Still, "[t]his action relates to an agreement which involved providing services in the state of South Carolina, predominantly in the Greater Columbia Metropolitan Area." *see* ECF No. 1, (Compl.) ¶ 8. As such, while noting the similarities between the law of the states at issue here, the Court will consider First Priority's claims as arising under South Carolina law because that is where the Complaint alleges the contract was "executed or performed."

B. Breach of Contract Claim

Under South Carolina law where "[t]he elements for breach of contract are the existence of the contract, its breach, and the damages caused by such breach." *Branche Builders, Inc. v. Coggins*, 386 S.C. 43, 48, 686 S.E.2d 200, 202 (Ct. App. 2009).[2]

---

[2] While the Court concludes South Carolina law applies, the Court notes that Georgia and New York have essentially the same law for a breach of contract claim. *See, e.g.*, *UWork.com, Inc. v.*

Taking each of these three elements in turn, the Court first directs its attention to whether First Priority's allegations establish the formation of a contract. "[T]he necessary elements of a contract are an offer, acceptance, and valuable consideration." *See, e.g.*, *Sauner v. Pub. Serv. Auth. of S.C.*, 354 S.C. 397, 406, 581 S.E.2d 161, 166 (2003). Here, the Complaint alleges that First Priority had a contract with Connectinc Global. ECF No. 1, ¶ 15. A copy of First Priority's contract with MCC Solutions was appended to the Complaint. ECF No. 1-1. This document states that it is the intention of the contracting parties to continue the terms of the prior agreement with Connectinc Global. *See id.* ("The purpose of this agreement is [to give] time for both [MCC Solutions] and [First Priority] to continue services under [the] previous [First Priority]/[Connectinc Global] terms for a period of 30 days."). Further establishing the requirements of a contract, the Complaint alleges that, in exchange for medical transport services, First Priority was entitled receive payment from Connectinc Global and, subsequently, from MCC Solutions "as was previously agreed and paid by [Connectinc Global] to [First Priority]." *Id.* Accordingly, the Court finds that the well-pleaded allegations of First Priority's Complaint support the existence of a contract between First Priority and MCC Solutions and Connectinc Global.[3]

Second, First Priority's Complaint alleges that MCC Solutions and Connectinc Global breached their contractual obligations. A breach of a contract is generally classified as a "failure to perform the obligations" under a contract, "such as a failure to pay money when due." 17B C.J.S. Contracts § 670.

---

*Paragon Techs., Inc.*, 321 Ga. App. 584, 590, 740 S.E.2d 887, 893 (2013); *34-06 73, LLC v. Seneca Ins. Co.*, 39 N.Y.3d 44, 52, 198 N.E.3d 1282, 1287 (2022).

[3] Moreover, while noting that the Court has struck the pleading of MCC Solutions and Connectinc Global, no party here has disputed the existence of a contractual agreement between First Priority and MCC Solutions and Connectinc Global—for under these same agreements, MCC Solutions and Connectinc Global brought their now dismissed counterclaims for breach of contract. *See* ECF No. 9.

Here, First Priority "dutifully provided [the] transport services" under its subcontract. ECF No. 1, ¶ 23. Connectinc Global "received payment from the VA for the services provided by" First Priority and that "payment was controlled by MCC [Solutions]." *Id.* at ¶ 24. Subsequently, MCC Solutions and Connectinc Global "refused and failed to remit payment to" First Priority. *Id*. at ¶ 25. The Complaint further alleges that First Priority's damages exceeded $200,000.00 and that it is entitled to "the total amount due under the" subcontract. ECF No. 1, ¶¶ 27–28. As such, these allegations support the existence of a breach of contract by MCC Solutions and Connectinc Global.

For these same reasons, First Priority has established the third element of a breach of contract claim because it has adequately pled that it suffered damages because of MCC Solutions and Connectinc Global's breach.

Thus, because of MCC Solutions and Connectinc Global's default, First Priority has established its claim for breach of contract, which is well-pleaded and supports the relief sought. MCC Solutions and Connectinc Global contractually agreed to pay First Priority for medical transport services as a sub-contractor under a contract with the VA. First Priority performed these services but was not paid as the parties agreed. Accordingly, MCC Solutions and Connectinc Global are liable for damages caused by their breach of their agreement with First Priority.

### C. Damages

As discussed above, if the Court determines liability has been established, then the Court must also determine damages. *See Fidrych*, 952 F.3d at 130 (holding that a default judgment for the plaintiff that determines liability but does not fix the amount of damages is not a final judgment because there can be no final judgment without a determination of relief).

"If a plaintiff's claim is for a sum certain or a sum that can be made certain by computation," default judgment may be entered by the clerk of court "on plaintiff's request, with an affidavit showing the amount due." Rule 55(b)(1). When the damages amount is not for a sum certain,

however, entry of default judgment must be completed by the Court under Rule 55(b)(2), which provides that "[t]he court may conduct hearings ... when ... it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Rule 55(b)(2).

"Here, the Court concludes there is no need for an evidentiary hearing on the issue of damages because a decision can be properly reached on the basis of the uncontested pleadings and [First Priority's] . . . supplemental filing[s] detailing [its] damages." *Lowery v. Am. Roller Grp. Health Plan*, No. CV 0:21-1567-MGL, 2021 WL 4806502, at *3 (D.S.C. Oct. 14, 2021) (citing *Anderson v. Found. For Advancement Educ. & Emp't of Am. Indians*, 155 F.3d 500, 507 (4th Cir. 1998) ("in some circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing[.]"); *Ins. Servs. of Beaufort, Inc. v. Aetna Cas. & Sur. Co.*, 966 F.2d 847, 853 (4th Cir. 2014) ("a default judgment may not be entered without a full hearing unless the damages are liquidated or otherwise uncontested[.]"). First Priority's supplemental filings, *see* ECF Nos. 146-1, 152, properly demonstrate it has suffered monetary damages in an ascertainable amount because of MCC Solutions and Connectinc Global's breach of contract. Based on the filings submitted by First Priority, the amount of damages it suffered is ascertainable and equals the sum of $469,399.76.

### D. Prejudgment Interest

In addition, First Priority asserts it is entitled to an award of prejudgment interest. ECF No. 1, ¶ 28; ECF No. 146-1, ¶ 17; ECF No. 152. The Court agrees. "The purpose of an award of damages for breach of contract is to put the plaintiff in as good a position as he would have been in if the contract had been performed. The proper measure of compensation is the loss actually suffered by the plaintiff as a result of the breach." *Minter v. GOCT, Inc.*, 322 S.C. 525, 528, 473

S.E.2d 67, 70 (Ct. App. 1996) (citing *Drews Co. v. Ledwith–Wolfe Assoc.,* 296 S.C. 207, 371 S.E.2d 532 (1988)).

Similarly, "[a]warding prejudgment interest 'serves the legitimate goals of making a party whole, or compensating the injured party for the loss of the use of money he would otherwise have had.'" *First S. Bank v. Fifth Third Bank, N.A.*, No. CIV.A. 7:10-2097-MGL, 2014 WL 3868000, at *10 (D.S.C. Aug. 6, 2014), *aff'd sub nom. First S. Bank v. Fifth Third Bank NA*, 631 F. App'x 121 (4th Cir. 2015) (citing *Marlen C. Robb & Son Boatyard & Marina, Inc., v. Vessel Bristol,* 893 F. Supp. 526, 540 (E.D.N.C.1994)).

"Courts have held that a district court should apply state law when determining the rate of prejudgment interest in a case where diversity is the basis for subject matter jurisdiction." *Id.* (citing *U.S. v. Dollar Rent A Car Sys., Inc.,* 712 F.2d 938, 940–941 (4th Cir.1983)). South Carolina law allows prejudgment interest on obligations to pay money from the time when, either by agreement of the parties or operation of law, the payment is demandable and the sum is certain or capable of being reduced to certainty. *Babb v. Rothrock*, 310 S.C. 350, 353, 426 S.E.2d 789, 791 (1993).

Here, First Priority asserts it is entitled to prejudgment interest as of October 1, 2021, "the first day of the month after First Priority submitted its last invoice to Defendants" MCC Solutions and Connectinc Global. ECF No. 146-1, ¶ 18. Combined with the "Net 1 payment terms" agreed to by First Priority and MCC Solutions on behalf of itself and Connectinc Global, ECF No. 1-1, the Court finds that at least by October 1, 2021, First Priority had a legal right to demand payment from MCC Solutions and Connectinc Global. Furthermore, the Declaration of Christopher Holden, CEO of First Priority establishes the sum certain amount owed to First Priority as of October 1, 2021. *See* ECF No. 146-1.

S.C. Code Ann. § 34-31-20(A) provides that the "legal interest shall be at the rate of eight and three-fourths percent per annum." *See also Liberty Mut. Ins. Co. v. Year Round Pool, Inc.,* 104 F.3d 359 (4th Cir. 1996) (providing that § 34-31-20(A) does not contemplate "compounding prejudgment interest"). Accordingly, as of March 27, 2024, First Priority is entitled to an award of the accumulated simple interest equaling $102,174.81—which is calculated at a rate of 8.75% per annum for 908 days on a principal amount of $469,399.76.

### V.   CONCLUSION

For the reasons set forth above, this Court concludes MCC Solutions and Connectinc Global are jointly and severally liable to First Priority on the claims in its Complaint and further determines that First Priority is entitled to recover damages and prejudgment interest from MCC Solutions and Connectinc Global as follows: actual damages in the amount of **$469,399.76** and prejudgment interest in the amount of **$102,174.81**, for a total award of **$571,574.57**.

**IT IS SO ORDERED.**

Signed this 27th day of March 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE